**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| LITHIUMHUB, LLC AND<br>LITHIUMHUB TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN YICHEN S-POWER TECH CO. LTD<br>Floor 7, Building B4b, Yingzhan Industrial Zone, Longtian Community,<br>Zehgzi Street, Pingshan District,<br>Shenzhen, Guangdong,<br>Peoples Republic of China<br><br>Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, LithiumHub, LLC and LithiumHub Technologies, LLC (hereinafter "LithiumHub" or "Plaintiffs"), by and through their attorneys, file this Complaint against Defendant Shenzhen Yichen S-Power Tech Co. LTD (hereinafter "Defendant" or "Yichen") and allege as follows:

## NATURE OF THE CASE

1. This is a civil action for patent infringement of U.S. Patent Nos. 9,412,994 and 9,954,207 (collectively, "Asserted Patents") arising under the laws of the United States 35 U.S.C. §§ 271 *et seq*. The Asserted Patents relate to control circuits for efficient fault detection and correction of Lithium-Ion batteries.

## THE PARTIES

2. LithiumHub Technologies, LLC is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 104 E

Houston Street, Suite 150, Marshal, Texas 75670-4144. LithiumHub Technologies, LLC owns the Asserted Patents.

3. LithiumHub, LLC is a limited liability company organized and existing under the laws of South Carolina with a principal place of business at 125 Tate Road, Norris, South Carolina 29667. LithiumHub, LLC is an exclusive licensee to the Asserted Patents and designs and sells ionic lithium batteries, accessories and other lithium products throughout the United States.

4. On information and belief, Defendant Yichen is a Chinese corporation with its principal place of business at Floor 7, Building B4b, Yingzhan Industrial Zone, Longtian Community, Zehgzi Street, Pingshan District, Shenzhen, Guangdong, Peoples Republic of China.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C §§ 271 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendant pursuant to the Constitution of the United States of America and/or the Texas Long Arm Statute. On information and belief, Defendant has purposefully manufactured and/or distributed into the stream of commerce Lithium-Ion batteries that infringe one or more claims of each of the Asserted Patents, through established distribution channels with the expectation that those products would be sold in the United States, the State of Texas, and in this District. Further, Defendant has (themselves and/or through the activities of subsidiaries, affiliates, or intermediaries) committed and continue to

commit acts of patent infringement in the United States, the State of Texas, and this District, including as least inducing others to commit acts of patent infringement in the United States, the State of Texas, and this District.

8. In particular, Defendant sells for importation and/or imports into the United States infringing Lithium-Ion batteries under the brand name "Dakota Lithium" that, on information and belief, are sold after importation by at least Clean Republic SODO LLC ("Dakota"), which directly infringes one or more claims of the Asserted Patents by such sales.

9. Accordingly, Defendant has established minimum contacts within Texas and purposefully availed itself of the benefits of Texas, and the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c)(3) because Defendant is not a resident in the United States and thus may be sued in any judicial district.

## THE ASSERTED PATENTS

11. On August 9, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,412,994 (the "'994 Patent") entitled "Lithium Starter Battery and Solid State Switch Therefor." The '994 Patent is valid and enforceable and is directed to patentable subject matter. A true and correct copy of the '994 Patent is attached as Exhibit A.

12. On April 24, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,954,207 (the "'207 Patent") entitled "Lithium Starter Battery with Solid State Switch." A true and correct copy of the '994 Patent is attached as Exhibit B.

13. Plaintiffs, through assignment and license, are the sole and exclusive owners of all

rights, title, and interest to and in the ’994 and ’207 Patents. Attached as Exhibit C is a true and accurate copy of the assignments of the patents to Plaintiff LithiumHub Technologies, LLC as recorded with the United States Patent and Trademark Office.

14. Plaintiffs hold the exclusive right to take all actions necessary to enforce their rights to the ’994 and ’207 Patents, including the filing of this patent infringement lawsuit. Plaintiff also has the right to recover all damages for past, present, and future infringement of the ’994 and ’207 Patents and to seek injunctive relief as appropriate under the law.

## BACKGROUND

15. The subject matter of this Complaint relates generally to control circuits for efficient fault detection and correction of lithium-ion batteries.

16. Inventor and entrepreneur Martin Koebler has worked in the rechargeable battery industry for many years. In about 2010, he developed new control circuits for efficient fault detection and correction of Lithium-Ion batteries. These new circuits included a solid-state switching configuration designed to protect the batteries from conditions such as over-charging, over-discharging, and short circuiting.

17. LithiumHub owns a portfolio of patents invented by founder Martin Koebler. Martin Koebler, the named inventor of the Asserted Patents, founded SuperLattice Inc., in 2007. While self-employed at SuperLattice Inc., Mr. Koebler researched, designed, and developed an initial version of the technology that subsequently became the technology covered by the Asserted Patents. SuperLattice, Inc. changed its name to StarkPower, Inc. While self-employed at StarkPower, Inc., Mr. Koebler researched, designed, and developed the technology covered by the Asserted Patents. Mr. Koebler filed provisional patent applications on the developed technology in late 2010 and early 2011. In 2018, StarkPower, Inc. failed to meet its financial

obligations and ceased all operations. In 2019 it entered bankruptcy and its assets were sold. Mr. Koebler purchased the Asserted Patents in the bankruptcy sale in 2020.

18. Following the failure of Stark Power, in 2018, Mr. Koebler started LithiumHub, LLC. While self-employed at LithiumHub, LLC, Mr. Koebler and LithiumHub, LLC researched, developed, and designed Products and associated accessory products covered by the Asserted Patents. Mr. Koebler and through his company Licensee LithiumHub, LLC made significant investments bringing the Products and associated accessories to market. Mr. Koebler through LithiumHub, LLC continue to innovate and invest in new and exciting products for customers in this industry.




19. Mr. Koebler is an Engineer, Inventor, Entrepreneur, and Employer.

20. Mr. Koebler's discovery included designing circuits in an unconventional manner wherein solid-state switches, for example, Metal Oxide Field Effect Transistors (MOSFETS), could be arranged in a parallel configuration of pairs of switches in series with their "source" terminals or their "drain" terminals connected together within the pair of switches. Mr.

Koebler's new control circuits allow normal operations of charging and discharging when both switches within the pair are "on" allowing current to flow through each switch to the battery cells. However, when a fault condition is detected, the controller can turn "off" one or both of the switches independently of the other. For example, in an over-voltage condition, one switch can be turned off preventing further charging of the battery while the other switch is left on, which allows the battery to continue to supply power. In a fault condition where the battery is supplying too little current, the condition of the switches can be reversed, preventing further discharge of the battery while still allowing it to be charged. By way of additional example, in a condition where the output of the battery forms a short-circuit, the battery may overheat and be permanently damaged. If this condition is detected, the controller can turn both switches off until the condition is no longer present.

21. While these types of circuits are mostly applicable to larger deep cycle batteries, the circuit configuration and control could be advantageous in some other cases.

22. Exclusive licensee LithiumHub LLC's Ionic branded Lithium-Ion batteries are depicted below:




*Available at* https://lithiumhub.com/product/24v-50ah-lithium-lifepo4-deep-cycle-battery/.

## <u>DEFENDANT'S INFRINGING PRODUCTS</u>

23. Defendant manufactures and sells for importation and/or imports into the United States through established distribution channels infringing Lithium-Ion batteries under the brand names "Dakota Lithium" with the expectation that those products would be sold in the United States, the State of Texas, and this District.

24. These products are imported and/or sold after importation by at least Clean Republic SODO LLC ("Dakota"), its distributors, and retailers, including in this District, constituting direct infringement.




*Available at* [https://dakotalithium.com/product/dakota-lithium-12v-100ah-deep-cycle-lifepo4-marine-solar-battery/](https://dakotalithium.com/product/dakota-lithium-12v-100ah-deep-cycle-lifepo4-marine-solar-battery/)

25. The Dakota Lithium's branded infringing Lithium-Ion batteries are sold by at least through its website https://dakotalithium.com and operates the "Dakota Lithium" online store on the Amazon ecommerce platform and at least through distributors and retailers throughout the United States, thus constituting direct infringement.




*Available at* [https://dakotalithium.com/batteries/](https://dakotalithium.com/batteries/)




*Available at* https://www.amazon.com/stores/DakotaLithium/page/74CBEBFF-865B-445E-A569-6461D906D012?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto




*Available at* https://dakotalithium.com/find-a-dealer-store-locator/

26. These batteries include those offered on its website, including: Dakota Lithium 12v 10ah Battery; Dakota Lithium 12v 14Ah Lifepo4 Battery Twin Pack; Dakota Lithium 12v 20Ah Battery; Dakota Lithium 12v 23Ah Battery With Dual USB Ports & Voltmeter; Dakota Lithium+ 12v 25Ah 300cca Battery; 12v 46Ah Dakota Lithium U1 LiFoPO4 Battery; Dakota Lithium 12v 54ah Deep Cycle Lifepo4 Battery; Dl+ 12v 60Ah Dual Purpose 1000cca Starter Battery Plus Deep Cycle Performance; Dl+ 12v 135Ah Dual Purpose 1000cca Starter Battery Plus Deep Cycle Performance; Dl+ 12v 320Ah LiFePO4 Dual Purpose Battery; Dakota Lithium 12v 100Ah Deep Cycle LiFePO4 Battery; Dakota Lithium 24v 60Ah Deep Cycle Lifepo4 Single Battery; Dakota Lithium 36v 60Ah Deep Cycle LiFePO4 Single Battery; Dakota Lithium 48v 96Ah Deep Cycle LiFePO4 Battery; Dakota Lithium PS2400 Portable Power Station; Dakota Lithium Powerbox 10, 12v 10Ah Battery Included; Powerbox+ 60 Waterproof Power Station, Dl+ 12v 60Ah Battery Included; Powerbox+ 135 Waterproof Solar Generator, 12v 135Ah Dl+ 1,000cca Battery Included; Dl+ 12v 640ah LiFePO4 Dual Purpose Battery With Can Bus; Dakota Lithium 24v 110Ah Deep Cycle Lifepo4 Single Battery; Dakota Lithium 36v 110Ah Deep Cycle LiFePO4 Single Battery; And Dakota Lithium 72v 55ah Deep Cycle LiFePO4 Single Battery. Additionally, Dakota sells the Accused Products in the United States through its Amazon store where it lists the following Accused Products: Dakota Lithium – 12V 23Ah LiFePO4 Deep Cycle Battery With Voltmeter and Dual Waterproof USB Port; Dakota Lithium – 12V 7Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – Built in BMS – For Ice Fishing, Fish Finders, Outdoor, and More; Dakota Lithium – 12V 10Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – Built in BMS – For Ice Fishing, Kayaks, Fish Finders, and More; Dakota Lithium - 12V 7Ah LiFePO4 Deep Cycle Battery with 12V 3 Amp Charger - 11 Year Warranty - 2000+ Cycles - Built in BMS - for Ice Fishing, Fish

Finders, Solar, Outdoor; Dakota Lithium - 12V 100Ah LiFePO4 Deep Cycle Battery - 11 Year USA Warranty 2000+ Cycles - Built in BMS, For Ice Fishing, Trolling Motors, Fish Finders, Marine, and More; Dakota Lithium – 48V 96Ah LiFePO4 Deep Cycle Battery – 11 Year USA Warranty 2000+ Cycles – SLA Replacement Battery, Golf Carts, Solar Power Systems, 48V Electric Vehicles, Electric Outboard Motors; Dakota Lithium - 24V 60Ah LiFePO4 Deep Cycle Battery - 11 Year Warranty - 2000+ Cycles - For Trolling Motors, Fish finders, Link in series for 48v and More; Dakota Lithium - Power Box with 12V 10Ah LiFePO4 Battery Included - 11 Year USA Warranty 2000+ Deep Cycle Battery Box with DC and USB Ports - Water/Shock Resistant - Camping, Off Grid, Marine, Kayak; Dakota Lithium - 72V 55Ah Lithium Battery - Deep Cycle Battery drop in Replacement for 72v Golf Carts, 72v Electric Vehicles, and 72v Electric Outboard Motors - 72V Battery, 3960 Wh - 1 Battery; Dakota Lithium - 36V 100ah Trolling Motor Deep Cycle Battery Set - 11 Year USA Warranty - BMS, 2000+ Cycles - Fish Finders, Flashers, Marine, and Boating Electronics - Charger Included - 100Ah 3 Pack; Dakota Lithium - 24V 110Ah Lithium Battery - Deep Cycle Battery for 24v Trolling Motors, Solar Energy Storage, RV, Off-Grid, and more - 24v Lithium Battery, 2640 Wh - 1 Battery. *See* www.dakotalithium.com and www.amazon.com/stores/DakotaLithium/page/74CBEBFF-865B-445E-A569-6461D906D012. (collectively, “Accused Products”). LithiumHub reserves the right to identify additional infringing products that may be revealed in discovery.

**<u>DEFENDANT’S INDIRECT INFRINGEMENT</u>**

27. Defendant indirectly infringes the Asserted Patents under 35 U.S.C. § 271(b) by inducing third parties, such as importers, distributors, retailers, resellers, customers, and/or end users, to directly infringe the Asserted Patents by using, offering to sell, selling, and/or importing the Accused Products in this District and elsewhere in the United States. For example, the

Accused Products are offered for sale and sold in this District and elsewhere in the United States through retailers, such as Ross Motorsports of Lufkin, Texas, and through websites, such as https://dakotalithium.com and www.amazon.com/stores/DakotaLithium/page/74CBEBFF-865B-445E-A569-6461D906D012.

28. On information and belief, Defendant actively encourages and induces third parties to commit acts of direct infringement. For example, Defendant manufactures the Accused Products for importation into the United States. Defendant actively promotes the Accused Products for U.S. market. For example, on information and belief, for every one of the Accused Products sold in the United States, Defendant pursues and obtains approval from U.S. and/or state regulatory agencies to allow sales such Accused Products in the United States. *See, e.g.*, 49 C.F.R. § 173.185. Defendant competes for business in the United States (including by advertising). Defendant further encourages direct infringement, including in this District, by referring customers and potential customer in the United States who visit Defendant's website (https://dakotalithium.com/find-a-dealer-store-locator/) to local retailers, such as Ross Motorsports of Lufkin, Texas.

29. Defendant has induced others' direct infringement despite having had notice of the Asserted Patents and infringement of those Asserted Patents by the Accused Products at least since a complaint was filed against them at the International Trade Commission on September 12, 2024 ("ITC Complaint") alleging and detailing such infringement. Defendant therefore has caused its importers, distributors, retailers, resellers, customers, and/or end users to directly infringe the Asserted Patents with knowledge of the Asserted Patents and with specific intent, or at least willful blindness, that the importers, distributors, retailers, resellers, customers, and/or end users directly infringe.

30. Defendant's acts of indirect infringement, as outlined herein, have caused injury and damage to LithiumHub and will continue to cause damage and irreparable injury to LithiumHub in the future if not enjoined by this Court.

**COUNT I: FIRST CLAIM FOR RELIEF**
**(Indirect Infringement of the '994 Patent)**

31. Plaintiff incorporates by reference the preceding paragraphs 1-30 as if fully stated herein.

32. Defendant has actively induced the direct infringement of one or more claims of the '994 Patent including, for example and without limitation, at least claims 1 and 14 of the '994 Patent under 35 U.S.C. § 271(b). Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

33. These importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least one claim of the '994 patent by using, selling, offering to sell, and/or importing the Accused Products. In particular, the importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least claims 1 and 14 of the '994 Patent as set forth in the attached claim chart, which demonstrates how the representative Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery satisfies each and every limitation of that claim. *See* Exhibit D. The Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery is representative of the Accused Products because, on information and belief, each of the Accused Products is substantially similar to Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery in all ways material to the claims of the '994 Patent. Further, the claims analyzed in this claim chart are merely exemplary and Plaintiffs reserve the right to assert additional claims in this litigation.

34. The Accused Products satisfy element [1p] of the ’994 Patent as shown in Exhibit D.

35. The Accused Products satisfy element [1a] of the ’994 Patent as shown in Exhibit D.

36. The Accused Products satisfy element [1b] of the ’994 Patent as shown in Exhibit D.

37. The Accused Products satisfy element [1c-i] of the ’994 Patent as shown in Exhibit D.

38. The Accused Products satisfy element [1c-ii] of the ’994 Patent as shown in Exhibit D.

39. The Accused Products satisfy element [1c-iii] of the ’994 Patent as shown in Exhibit D.

40. The Accused Products satisfy element [1d] of the ’994 Patent as shown in Exhibit D.

41. The Accused Products satisfy element [14p] of the ’994 Patent as shown in Exhibit D.

42. The Accused Products satisfy element [14p] of the ’994 Patent as shown in Exhibit D.

43. The Accused Products satisfy element [14a] of the ’994 Patent as shown in Exhibit D.

44. The Accused Products satisfy element [14b] of the ’994 Patent as shown in Exhibit D.

45. The Accused Products satisfy element [14c-i] of the ’994 Patent as shown in

Exhibit D.

46. The Accused Products satisfy element [14c-ii] of the ’994 Patent as shown in Exhibit D.

47. The Accused Products satisfy element [14c-iii] of the ’994 Patent as shown in Exhibit D.

48. The Accused Products satisfy element [14d] of the ’994 Patent as shown in Exhibit D.

49. Therefore, Defendant has indirectly infringed and continues to indirectly infringe the ’994 Patent, literally and under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, at least one claim of the ’994 Patent including, for example and without limitation, claims 1 and 14 of the ’994 Patent. Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

50. Defendant has actual knowledge of the ’994 Patent, and knowledge of its infringement of the same, or has been at least willfully blind to such infringement, from at least the filing of the ITC Complaint alleging infringement of the ’994 Patent by Defendant and certain of its importers, distributors, retailers, resellers, customers, and/or end users.

51. The above-described acts of indirect infringement committed by Defendant have caused injury and damage to LithiumHub and will continue to cause damage and irreparable harm to LithiumHub unless enjoined.

52. LithiumHub is entitled to recover all damages sustained as a result of Defendant’s wrongful acts of infringement, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

53. Defendant's infringement has been and continues to be willful and exceptional. Accordingly, LithiumHub is entitled to recover enhanced damages up to three time the amount found or assessed at trial pursuant to 35 U.S.C. § 284, as well as its attorneys' fees pursuant to 35 U.S.C. § 285.

**COUNT II: SECOND CLAIM FOR RELIEF**
**(Indirect Infringement of the '207 Patent)**

54. Plaintiff incorporates by reference the preceding paragraphs 1-53 as if fully stated herein.

55. Defendant has actively induced the direct infringement of one or more claims of the '207 Patent including, for example and without limitation, claims 1 and 12 of the '207 Patent under 35 U.S.C. § 271(b). Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

56. These importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least one claim of the '207 patent by using, selling, offering to sell, and/or importing the Accused Products. In particular, the importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least claims 1 and 12 of the '207 Patent as set forth in the attached claim chart, which demonstrates how the representative Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery satisfies each and every limitation of that claim. *See* Exhibit E. The Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery is representative of the Accused Products because, on information and belief, each of the Accused Products is substantially similar to Dakota Lithium 12V 100AH Deep Cycle LiFePo4 Battery in all ways material to the claims of the '207 Patent. Further, the claims analyzed in this claim chart are

merely exemplary and Plaintiffs reserve the right to assert additional claims in this litigation.

57. The Accused Products satisfy element [1p] of the ’207 Patent as shown in Exhibit E.

58. The Accused Products satisfy element [1a] of the ’207 Patent as shown in Exhibit E.

59. The Accused Products satisfy element [1b] of the ’207 Patent as shown in Exhibit E.

60. The Accused Products satisfy element [1c-i] of the ’207 Patent as shown in Exhibit E.

61. The Accused Products satisfy element [1c-ii] of the ’207 Patent as shown in Exhibit E.

62. The Accused Products satisfy element [1c-iii] of the ’207 Patent as shown in Exhibit E.

63. The Accused Products satisfy element [1d] of the ’207 Patent as shown in Exhibit E.

64. The Accused Products satisfy element [12p] of the ’207 Patent as shown in Exhibit E.

65. The Accused Products satisfy element [12a] of the ’207 Patent as shown in Exhibit E.

66. The Accused Products satisfy element [12b] of the ’207 Patent as shown in Exhibit E.

67. The Accused Products satisfy element [12c] of the ’207 Patent as shown in Exhibit E.

68. The Accused Products satisfy element [12d-i] of the ’207 Patent as shown in Exhibit E.

69. The Accused Products satisfy element [12d-ii] of the ’207 Patent as shown in Exhibit E.

70. The Accused Products satisfy element [12d-iii] of the ’207 Patent as shown in Exhibit E.

71. The Accused Products satisfy element [12e] of the ’207 Patent as shown in Exhibit E.

72. Therefore, Defendant has indirectly infringed and continues to indirectly infringe the ’207 Patent, literally and under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, at least one claim of the ’207 Patent including, for example and without limitation, claims 1 and 12 of the ’207 Patent. Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

73. Defendant has actual knowledge of the ’207 Patent, and knowledge of its infringement of the same, or has been at least willfully blind to such infringement, from at least the filing of the ITC Complaint alleging infringement of the ’207 Patent by Defendant and certain of its importers, distributors, retailers, resellers, customers, and/or end users.

74. The above-described acts of indirect infringement committed by Defendant have caused injury and damage to LithiumHub and will continue to cause damage and irreparable harm to LithiumHub unless enjoined.

75. LithiumHub is entitled to recover all damages sustained as a result of Defendant’s wrongful acts of infringement, but in no event less than a reasonable royalty pursuant to 35

U.S.C. § 284.

76. Defendant's infringement has been and continues to be willful and exceptional. Accordingly, LithiumHub is entitled to recover enhanced damages up to three time the amount found or assessed at trial pursuant to 35 U.S.C. § 284, as well as its attorneys' fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable, including Defendant's counterclaims and affirmative defenses, if any.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

a. That Defendant has indirectly infringed one or more claims of both the '994 and '207 patents;

b. A judgment that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction enjoining the Defendant, together with its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and those persons in active concert participation with them, from directly and/or indirectly infringing the Asserted Patents;

d. An award of damages adequate to compensate Plaintiffs for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284.

e. An increase in the damages award up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

f. That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendant's infringement of the '994 and '207 patents;

g. That the Court declare this case exceptional, in favor of Plaintiffs, under 35 U.S.C. § 285 and that Plaintiffs be granted its attorneys' fees in this action;

h. That costs be awarded to the Plaintiffs;

i. Such other and further relief as the Court deems just and proper.

Dated: September 13, 2024

Respectfully submitted,

*/s/Geoff Culbertson*

Geoff Culbertson
TX Bar No. 24045732
Kelly Tidwell
TX Bar No. 20020580
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
PO Box 5398
Texarkana, TX 75505-5398
(903)792-7080
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Tim F. Williams *(pro hac vice pending)*
Lead Attorney
Scott Cole *(pro hac vice pending)*
Mark H. Johnson
TX Bar No. 24106144
DORITY & MANNING, P.A.
75 Beattie Place, Suite 1100
Greenville, SC 29601
(864) 271-1592
timw@dority-manning.com
scole@dority-manning.com
mjohnson@dority-manning.com

Nicole S. Cunningham
Steven A. Moore
Helen Y. Zhang *(pro hac vice pending)*
DORITY & MANNING, P.A.
2869 Historic Decatur Rd.,
San Diego CA 92106
(800) 815-6705

ncunningham@dority-manning.com
smoore@dority-manning.com
hzhang@dority-manning.com

*Attorneys for Plaintiffs*